# Third District Court of Appeal

## State of Florida

Opinion filed April 4, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1071
Lower Tribunal No. 14-554

_____

**Terrence Jefferson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

SUAREZ, J.

Terrence Jefferson appeals his convictions and sentences entered by the trial court after a jury found him guilty of committing the crimes of attempted armed sexual battery and armed false imprisonment. We affirm.

The 18-year-old victim was walking home around 10:30 pm from her job at Aventura Mall when the Appellant drove up beside her and repeatedly asked her to get in the car. Because it was raining heavily, she got in. The Appellant did not go in the direction of her house, but drove in another direction and then offered her money to have sex with him. When she refused and tried to get out of the car, she testified that he grabbed her and brandished a gun. When the Appellant pulled over to park, the victim managed to get out of the car and run, losing her shoe, her phone and purse in the process. The Appellant followed her in the car. The victim ran up to a house and knocked on the door. The Appellant got out of his car and began to approach her. She ran, got caught on a fence, and started screaming. The homeowner came out, called 911, at which point the Appellant got back into his car and drove off.

The 911 tape was entered into evidence without objection. The homeowner told the 911 operator that a girl was screaming that someone was trying to rape and kill her, that she was scared he might come back for her. The victim told the 911 operator that not only did the person try to rape her but that he held a gun to her head. The police detectives testified that the victim's clothes were torn and disheveled, that she was hysterical. The victim identified the Appellant from a photo lineup. Over hearsay objection, the lead detective was allowed to testify to what the homeowner (the 911 caller) told him the day after the incident, about

2

hearing the girl scream, going outside, seeing a man walk back towards a black car and driving away.

The Appellant admitted in a post-Miranda interview to picking up the girl, and asking her to have sex with him for money. He admitted that she refused and ran away once he had parked the car. A jury found the Appellant guilty of false imprisonment with a firearm, unlawful possession of a firearm while engaged in a criminal offense, and attempted sexual battery with a firearm. The defense moved for judgment of acquittal as to all counts, specifically arguing that the State had failed to introduce a prima facie case that the Appellant intended to commit a sexual battery against the victim. The trial court denied the motion. On motion to correct an illegal sentence, the Appellant was adjudicated as a habitual offender and sentenced to thirty years for the armed false imprisonment, and life as to the attempted armed sexual battery. The conviction for possession of firearm in commission of a felony was vacated.

On appeal, the Appellant argues that the trial court improperly admitted hearsay testimony from the detective who interviewed the 911 caller the day after the incident. He argues that the detective's "hearsay" testimony regarding the 911 caller's statements bolstered or corroborated the victim's testimony that the Appellant used a gun against her.[1] The out of court statement, however, did not

---

[1] The record indicates that the objection to the detective's testimony was based on hearsay, not improper bolstering. The bolstering argument is thus not preserved for appeal.

provide any evidence of the Appellant's guilt or identify the appellant. The 911 recording of both the 911 caller and the victim was admitted into evidence without objection and played to the jury. The detective's testimony about the 911 caller's statement to him was merely duplicative of that information, where the statement that the Appellant used a gun in the commission of the offense had already been admitted. The testimony did not identify the Appellant as the offender, and further, the Appellant himself admitted to approaching the victim at the 911 caller's home, and fleeing from the scene. We find no abuse of discretion in allowing the detective's testimony regarding the 911 caller's statements. See Williams v. State, 967 So. 2d 735 (Fla. 2007) (upholding, in the absence of abuse of discretion, a trial court's ruling on the admissibility of evidence).

The Appellant further argues that the trial court erred when it denied the defense motion for judgment of acquittal on the attempted sexual battery charge. We conclude it did not. A motion for judgment of acquittal is reviewed de novo to determine whether the evidence is legally sufficient to support the jury's verdict. See Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). When considering a motion for judgment of acquittal, all evidence is viewed in the light most favorable to the State. See Irizarry v. State, 905 So. 2d 160, 165 (Fla. 3d DCA 2005). The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the State. See State v. Rivera, 719 So. 2d 335, 337 (Fla. 5th DCA 1998). In moving for a judgment of acquittal, a defendant admits all facts and

4

evidence adduced at trial, and all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the State. See Izquierdo v. State, 177 So. 3d 1018, 1020 (Fla. 3d DCA 2015).

The two necessary elements for an attempt to commit a crime are: (1) a specific intent to commit a particular crime and (2) an overt act toward its commission. State v. Ortiz, 766 So. 2d 1137, 1143 (Fla. 3d DCA 2000). "The intent and the act must be such that they would have resulted, except for the interference of some cause preventing the carrying out of the intent, in the completed commission of the crime. Thus, the act must go beyond mere preparation and planning." Geldreich v. State, 763 So. 2d 1114 (Fla. 4th DCA 1999) (internal citation and quotation marks omitted). Even in the absence of physical evidence such as semen or DNA, we conclude that the other circumstantial evidence here is sufficient for a jury to consider whether the Appellant engaged in an attempted sexual battery of the victim.

Both the victim's testimony and the Appellant's testimony provide proof beyond a reasonable doubt that the Appellant had the specific intent to sexually assault the victim, and made overt acts to accomplish that assault. The Appellant admitted that he followed the victim and demanded that she get into his car, that he asked her to take her blouse off, that he offered her money for sex, and that he forcibly attempted to keep her in the car for that purpose.

We affirm the final judgment of conviction and sentences.